# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-833V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
HANNAH DIEDRICH,                *    Special Master Corcoran
                                *
                                *    Filed: October 3, 2017
                 Petitioner,    *
         v.                     *    Petitioner's Motion for a Decision;
                                *    Dismissal of Petition; Vaccine
SECRETARY OF HEALTH             *    Act; Denial Without Hearing.
AND HUMAN SERVICES,             *
                                *
                 Respondent.    *
                                *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Benjamin Scott Barnes*, Hall and Butler, Bowie, MD, for Petitioner.

*Glenn A. MacLeod*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF AND FAILURE TO PROSECUTE[1]

On July 14, 2016, Hannah Deidrich filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petition alleged that the Human papillomavirus ("HPV") vaccine and Meningococcal vaccine she received on July 18, 2013, caused her to develop various injuries, including generalized nausea, dizziness, severe weakness, pain, heart palpitations, and bouts of extreme weight loss. *See* Petition ("Pet.") (ECF No. 1) at 1.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner filed her medical records in mid-March 2017. Thereafter, the parties filed the Joint Statement of Completion on March 15, 2017 (ECF No. 13), and Respondent filed his Rule 4(c) Report on June 16, 2017, contesting Petitioner's right to damages (ECF No. 15).

On June 28, 2017, after a status conference, I issued an order setting forth my concerns regarding the gaps in factual history in Petitioner's case based on the representations in the Rule 4(c) Report. In it, I explained to Petitioner that there appeared to be a year-long gap following her vaccination before she reported experiencing any symptoms related to the injury alleged in the Petition. *See* Order, dated June 28, 2017 (ECF No. 16). I further explained that the lack of medical records during this gap period undercuts Petitioner's assertion that her July 2013 vaccinations relate to her alleged injury. I also observed during the conference, consistent with the Rule 4(c) Report, that Petitioner will rely on an expert who has been largely discredited in the Program. *See* Rule 4(c) Report at 5 n.6 (ECF No. 15). In light of these evidentiary deficiencies, I directed Petitioner to file a response to the Rule 4(c) Report explaining the identified gaps and identifying any additional medical records reflecting treatment during the year-long gap period.

On August 4, 2017, Petitioner filed a status report requesting an extension of time to respond to the my order, which I granted, extending the deadline to September 5, 2017. *See* ECF No. 17. Petitioner ignored this deadline, however, on September 7, 2017, I issued an order directing Petitioner to file the overdue response immediately. *See* Order dated Sept. 7, 2017 (ECF No. 18). In response, Petitioner field a status report on that same day requesting yet *another* extension of time to review and obtain medical evidence relating to the deficiencies discussed in the June 2017 status conference. *See* ECF No. 19. On September 11, 2017, I issued an order directing Petitioner to show cause as to why this case should not be dismissed pursuant to Vaccine Rule 21(b). ECF No. 20. Petitioner filed a response on September 13, 2017 alleging that she was acting on the court's recommendation that she locate a new expert witness, but otherwise repeats her prior (unsubstantiated) allegations. ECF No. 21 at 4. Respondent filed a response on September 29, 2017 arguing that Petitioner's claim lacked reasonable basis and should be dismissed. ECF No. 22 at 4.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that Ms. Diedrich suffered a Table injury. Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

Furthermore, when a Vaccine Court petitioner fails to comply with orders to prosecute her case, a court may dismiss the matter. *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 819 (Fed. Cir. 1993); Vaccine Rule 21(b). Here, as is abundantly evident from the procedural history, Ms. Diedrich has repeatedly failed to adhere to the orders in this matter, thus establishing grounds for dismissal.

**Thus, this case is dismissed for insufficient proof and failure to prosecute. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

                                                 /s/ Brian H. Corcoran
                                                 Brian H. Corcoran
                                                 Special Master