# In the United States Court of Federal Claims

No. 16-833V

(Filed Under Seal: March 22, 2018)
(Reissued: April 6, 2018)[1]

```
*************************************
                                      *
HANNAH DIEDRICH,                      *
                                      *
                Petitioner,           *
                                      *
v.                                    *   Dismissal of Vaccine Claim; Failure to
                                      *   Prosecute.
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
                Respondent.           *
                                      *
*************************************
```

*Benjamin Barnes*, The John Hall Law Group, LLC., Bowie, Maryland, for Petitioner.

*Glenn A. Macleod*, with whom were *Chad A. Readler,* Principal Deputy Assistant Attorney General, *C. Salvatore D'Alessio,* Acting Director, Torts Branch, Civil Division, and *Catharine E. Reeves,* Deputy Director, Torts Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.


OPINION AND ORDER

WHEELER, Judge.

This vaccine case is before the Court on Petitioner's Motion for Review of the Special Master's October 3, 2017 decision dismissing the petition for insufficient proof and for failure to prosecute under Vaccine Rule 21(b). Diedrich v. Sec'y of Health & Human Servs., No. 16-833V, 2017 WL 5381312 (Fed. Cl. Spec. Mstr. Oct. 3, 2017)

---

[1] Pursuant to Rule 18(b) of the Court's Vaccine Rules, this opinion and order was initially filed under seal. As required under the Rules, each party was afforded 14 days from the date of issue, until April 5, 2018, to object to the public disclosure of any information furnished by that party. Neither party submitted any proposed redactions.

("Decision").  For the reasons explained below, the Court affirms the Special Master's dismissal decision.

Background

On July 14, 2016, Hannah Diedrich filed a petition under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 through 34 ("Vaccine Act"), seeking compensation for injuries she claims were caused by the Human papillomavirus ("HPV") vaccine and the Meningococcal vaccine she received on July 18, 2013.  In her Affidavit, Ms. Diedrich states that about two months after the vaccinations, she had a "sudden onset of depression, anxiety, fatigue, weakness, heart palpitations, joint pain and inability to regulate body temperature."  Dkt. No. 1, at Ex. 2.  She goes on to describe other physical ailments occurring in the years following the vaccinations, including a malar rash, extreme weight loss, and mitral valve prolapse.  She states that she received a diagnosis of systemic lupus erythematosus ("SLA"), an autoimmune disease, in February and March 2016.

Additional medical records were filed in March 2017, and Respondent filed the required Rule 4(c) Report in June 2017.  In the Report, Respondent contested Petitioner's claims, arguing that there was no supporting evidence in the "scant" submitted medical records and questioning the reliability of Petitioner's expert.  Dkt. No. 15.  The Special Master then held an initial status conference in June 2017 during which he discussed the evidence submitted by Petitioner up to that point.  During the status conference, the Special Master also questioned the reliability of Petitioner's expert who had been "largely discredited in the Program."  Decision at 2.  In his Order following the status conference, the Special Master noted that there were no medical records relevant to the injury complained of for the year after vaccination, thereby weakening the claimed relation of the injury to the vaccinations. The Special Master ordered Petitioner to file a response to the Rule 4(c) Report, and to include more detail and further medical records to support the claimed injury, since the lack of evidence in the records raised "the possibility that the claim might not have any reasonable basis to continue." Dkt. No. 16.

Petitioner claimed in subsequent status reports to have additional records and to have located another medical expert, and sought an extension of time to file the response to the Rule 4(c) Report.  Dkt. No. 17.  In a text order granting a thirty-day extension, the Special Master added a warning that "no further extensions of time shall be permitted." The Petitioner then failed to meet the new deadline, submitting a response only after the Special Master ordered a response, and again asking for an extension of time. Dkt. No. 19. The Special Master then issued a show cause order threatening dismissal, and Petitioner filed a response to the show cause reiterating the value of the original expert's evidence, but failing to add any further medical records or additional expert opinion.  Dkt. No. 21. The Special Master then issued his Decision dismissing the case for insufficient proof and failure to prosecute.

Discussion

I. Burden of Proof

Petitioners apparently seek recovery in this case for an "off-Table" injury, that is, an injury caused by a vaccine other than those injuries listed on the Vaccine Injury Table, 42 U.S.C. § 300aa-14(a). In off-Table injuries, claimants must show causation in fact by a preponderance of the evidence. 42 U.S.C. §§ 300aa-11(c)(1)(C)(ii), 300aa-13(a)(1)(A); see also Moberly v. Sec'y of Health & Human Servs., 592 F.3d 1315, 1321 (Fed. Cir. 2010). The U.S. Court of Appeals for the Federal Circuit summarized the claimant's evidentiary burden associated with off-Table cases in Althen v. Sec'y of Health & Human Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005), holding that he must establish by preponderant evidence:

(1) a medical theory causally connecting the vaccination and the injury;
(2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and
(3) a proximate temporal relationship between vaccination and injury.

These factors are now commonly referred to as the three Althen prongs.

II. Standard of Review

This Court has jurisdiction to review decisions of the Special Masters in accordance with 42 U.S.C. § 300aa-12(e)(1)-(2). The Special Master's findings of fact receive deferential review under an "arbitrary and capricious" standard, while the Court reviews legal conclusions under the "not in accordance with law" standard and discretionary rulings for an "abuse of discretion." Munn v. Sec'y of Health & Human Servs., 970 F.2d 863, 870 n.10 (Fed. Cir. 1992). A dismissal for failure to prosecute is reviewed under the abuse of discretion standard. Claude E. Atkins Enters., Inc. v. United States, 899 F.2d 1180, 1183 (Fed. Cir. 1990); Adkins v. United States, 816 F.2d 1580, 1582 (Fed. Cir. 1987).

III. Motion for Review and Response

In the Motion for Review, Petitioner argues that the Special Master did not reasonably justify his finding that there was insufficient evidence in the record to support Petitioner's claims, or his finding that Petitioner's expert witness was unreliable. Further, Petitioner objects to the Special Master's denial of adequate additional time to locate a second expert witness.

In the Response to the Motion for Review, Respondent argues that "[t]he record as a whole fails to establish petitioner's entitlement to compensation." Dkt. No. 27 at 11. Respondent observes that the expert report offered by Petitioner relied largely upon Petitioner's assertion of symptoms with no support in any submitted medical records. No treating physicians connected any illness or condition to vaccination. Further, Respondent argues that Petitioner's failure to provide additional records to meet the Special Master's objections despite several extensions, shows that "the factual inadequacies of the record were unlikely to be cured with more time." Id. at 13. With respect to Petitioner's claims that denial of more time for filing a new expert report was unfair, Respondent notes that an expert report without first developing the factual evidence for the expert to review would be premature.

The Court has reviewed the record in this case and has concluded that it was not an abuse of discretion for the Special Magistrate to dismiss the Petition under Vaccine Rule 21(b), in light of Petitioner's failure to provide evidence. The medical records that were submitted show no clear diagnosis of the SLA complained of; in fact, a reference to possible SLA does not occur until February 2016, about two and a half years after vaccination. No treating physician noted any link to vaccination. Petitioner's affidavit accompanying the petition details complaints of illness following vaccination, but very few medical records to support the claims were submitted. When the evidentiary gaps were noted by the Special Master, Petitioner apparently could not provide further medical evidence after several extensions of response deadlines. Petitioner's expert report discussed her symptoms as described by Petitioner, but cited few actual records of treating physicians. As the Special Master noted, the Vaccine Act describes the evidence that can be used to prove vaccine-caused injuries, but it cannot be based on Petitioner's claims alone. 42 U.S.C. § 300aa-11(c)(1) and 13(a). Thus, the opinion of any expert without clear facts is not useful, and his reliability in this case need not be addressed by the Court.

## Conclusion

The Court finds that the Special Master did not abuse his discretion in concluding that Petitioner was unable to provide adequate evidence to support her claims, and thus could not help but fail to prosecute the case. For these reasons, the Special Master's decision is AFFIRMED, and Petitioner's Motion for Review is DENIED.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge